**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARK I. HUCKEL,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-15-0346-W-1

DATE: March 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Clark Hazley, Sr., Bay Pines, Florida, for the appellant.

T.B. Burton, Esquire, Bay Pines, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a Utility Systems Repairer Operator, filed this IRA appeal alleging that the agency ordered him to report for an "unprecedented Fitness for Duty exam" in retaliation for his disclosures concerning management's failure to follow correct procedures in making changes to his alternative work schedule. Initial Appeal File (IAF), Tab 1 at 2. He requested a hearing. *Id.* at 1. The administrative judge notified the appellant of his jurisdictional burden and ordered him to file evidence and argument establishing jurisdiction over his appeal. IAF, Tab 7. The appellant responded and submitted, among other things, a copy of the December 31, 2014 letters from the Office of Special Counsel (OSC) informing him that OSC had terminated its inquiry into his allegation of reprisal for whistleblowing and notifying him of his right to seek corrective action before the Board. IAF, Tab 8 at 1-6. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to his petition for review. Petition for Review (PFR) File, Tabs 1, 3.

¶3    The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedy before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action. *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 4 (2012). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Id.* If the appellant establishes Board jurisdiction over his IRA appeal by exhausting his remedies before OSC and making the requisite nonfrivolous allegations, he has the right to a hearing on the merits of his claim. *Id.*

¶4    In the instant case, the administrative judge found that the appellant failed to establish that he exhausted his administrative remedy because there was no evidence in the record showing that he identified a potentially protected disclosure to OSC related to the changes to his alternate work schedule and that, even if he had exhausted his administrative remedy, he failed to identify any retaliatory personnel action within the meaning of the Whistleblower Protection Act (WPA). ID at 4-5. On review, the appellant argues that the December 31, 2014 letters from OSC prove that he exhausted his administrative remedy, but he does not challenge the administrative judge's finding that he failed to nonfrivolously allege that he was subjected to a covered personnel action. PFR File, Tab 1 at 1.

¶5    The OSC letter informing the appellant of his right to seek corrective action from the Board summarizes the appellant's allegations in one sentence: "Your

complaint alleged that you were ordered to undergo a fitness for duty evaluation after raising concerns over management altering your alternative work schedule." IAF, Tab 8 at 5. Assuming, without deciding, that the letter contains sufficient information to establish exhaustion on this issue, we nonetheless agree with the administrative judge that the Board lacks jurisdiction over the appeal because the appellant failed to nonfrivolously allege that he was subjected to a covered personnel action. ID at 5.

¶6      In an IRA appeal, an employee may seek corrective action from the Board concerning any "personnel action" taken, or proposed to be taken, against him as the result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 14 (2012). In this context, a "personnel action" is defined as: (i) an appointment; (ii) a promotion; (iii) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under 5 U.S.C. chapter 43; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action; (x) a decision to order psychiatric testing or examination; and (xi) any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A); *Mattil*, 118 M.S.P.R. 662, ¶ 14.

¶7      According to the appellant, the agency retaliated against him by ordering him to report for an "unprecedented" fitness-for-duty examination. IAF, Tab 8 at 1, 5. While a psychiatric test or examination is a covered personnel action under the WPA, the appellant has not alleged, and the evidence he provided does not show, that the agency ordered him to report for a psychiatric test or examination. IAF, Tab 8 at 1-3, 14; 5 U.S.C. § 2302(a)(2)(A)(x). Rather, the record reflects that the agency ordered the appellant to report for a standard fitness-for-duty examination after he submitted a note stating that he could not

stand or use his hands for more than 30 minutes at a time.  IAF, Tab 6 at 26, Tab 8 at 14.

¶8    As noted by the administrative judge, the appellant also appears to assert that the schedule change was itself retaliatory.  ID at 5.  However, the appellant's supervisor's announcement about the schedule change necessarily preceded the appellant's disclosure about this change.  Thus, to the extent that the appellant is alleging that the schedule change itself was a retaliatory personnel action, we agree with the administrative judge that the appellant has failed to nonfrivolously allege that his disclosure was a contributing factor in the action.  ID at 5; *see Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 26 (2007) (finding that the appellant failed to nonfrivolously allege that his disclosures were contributing factors in the personnel actions at issue where the personnel actions preceded the disclosures).  Accordingly, we agree with the administrative judge that the Board lacks jurisdiction over this IRA appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the

Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                 _____
                                               William D. Spencer
                                               Clerk of the Board

Washington, D.C.